IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00456-BNB

VINCENT E. LOGGINS,

      Applicant,

v.

THERESA BERNAL, Superintendent, Colorado Mental Health Institute at Pueblo, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

ORDER OF DISMISSAL

      Applicant, Vincent E. Loggins, is currently incarcerated at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP). Mr. Loggins filed a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of an order committing him for treatment at CMHIP in Fremont County District Court Case No. 00CR271. Mr. Loggins has paid the $5.00 filing fee in a habeas corpus action.

      In an order entered on March 7, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on March 16, 2012. Mr. Loggins filed his Reply on April 3, 2012.

The Court must construe liberally the Amended Application filed by Mr. Loggins because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I.     Background

In May of 1990, while incarcerated in the Colorado Department of Corrections (DOC) for sexual assault on a child, Mr. Loggins attacked a correctional officer and, as a result, was charged in state court with second degree assault on a peace officer. *See Loggins v. DeQuado*, 393 Fed. Appx. 590, 591 (10th Cir. Sept. 1, 2010) (unpublished opinion). On November 13, 1991, the trial court found him not guilty by reason of insanity and ordered Mr. Loggins committed to the CMHIP. *See* Pre-Answer Resp. at Ex. A, p. 28. Mr. Loggins did not file a direct appeal. *Id.*

In 1994, a state trial court granted Mr. Loggins' petition for release from commitment at CMHIP, but ordered him to return to the DOC to finish serving his sexual assault sentence and to complete sex offender treatment. *DeQuado*, 393 Fed. Appx. at 592. On November 21, 1997, following completion of his sexual assault sentence, Mr. Loggins was returned to the CMHIP for evaluation pursuant to the state court's 1994 order. *Id.* He was determined to pose a danger to himself and others, and has remained committed at CMHIP since November 21, 1997. *Id.*

Beginning in 2002, and continuing until the present time, Mr. Loggins has filed

numerous motions for post-conviction relief and habeas corpus motions.  Pre-Answer Resp. at Ex. A, p. 5-19.  However, because these motions are not relevant to the Court's analysis of the one-year limitations period, the Court has not set out Mr. Loggins' extensive state court history in detail.

Mr. Loggins initiated the instant action in this Court on February 22, 2012.  In the Amended Application, which was received by the Court on March 6, 2012, Mr. Loggins asserts two claims: (1) that trial counsel provided ineffective assistance by failing to inform the trial court that Mr. Loggins was incompetent and by waiving Mr. Loggins' right to a jury trial without his consent; and (2) the trial court failed to adequately advise Mr. Loggins regarding his proposed waiver of a jury trial.

## II.     Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Loggins' criminal case became final. The final sentence in Mr. Loggins' case entered on November 13, 1991. Pre-Answer Resp. at Ex. A, p. 29. Because Mr. Loggins did not file a direct appeal, the Court therefore finds that his conviction became final on December 30, 1991, forty-five days after he was sentenced.[1] *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). However, the Application, which was filed in 2012, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Where a conviction became final before AEDPA took effect, as is the case here, the limitations period for a federal habeas petition begins on AEDPA's effective date, April 24, 1996. *See id.* (citing *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998)). Therefore, even though

---

[1] The forty-fifth day after November 13, 1991, was December 28, 1991. However, December 28, 1991, was a Saturday. Therefore, the filing deadline extended until December 30, 1991. *See* C.A.R. 26(a).

Mr. Loggins's conviction became final on December 30, 1991, the limitations period did not begin running in his case until April 24, 1996. *See id.*

The Court must next determine whether any of Mr. Loggins' state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Loggins' state court action between April 24, 1996, and December 10, 1997. *See* Pre-Answer Resp. at Ex. A, p. 28. Accordingly, the limitation period began to run on April 24, 1996, and ran until it expired on April 24, 1997. Because the one-year limitation period expired before Mr. Loggins filed his first postconviction motion on December 10, 1997, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Loggins did not file his habeas corpus application in this Court until February 22, 2012, more than fourteen years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Loggins bears the burden of demonstrating that

6

equitable tolling is appropriate in this action.  *See id.* at 977.

Mr. Loggins fails to assert any basis for equitable tolling.  Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.  Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Loggins has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Loggins files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  16th  day of     April        , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court